UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ISMAIL MOHAMED et al.,          )
                                )
          Petitioners,          )
                                )
          v.                    )     Civil Action No. 08-1789 (RWR)
                                )
ROBERT GATES,                   )
                                )
          Respondent.           )
_____)

## MEMORANDUM OPINION AND ORDER

Guantánamo Bay detainee Ismail Mohamed has petitioned for habeas corpus relief.  He moves for an order directing the government to allow him to review and retain his alleged statements contained in the respondent's factual return, and to have access to those statements before he meets with his counsel on June 12, 2009.  Because Mohamed's motion legitimately seeks access to important information that is necessary to facilitate his right to meaningful assistance of counsel and his right to pursue habeas relief, his motion will be granted in part. However, because Mohamed did not timely follow the procedures set forth in the January 30, 2009 Order by Judge Hogan establishing the method to request access for a petitioner to material before a visit from counsel, his motion will be denied in part.

### BACKGROUND

Mohamed, a Somali national, has been a detainee at the United States Naval Base in Guantánamo Bay, Cuba ("Guantánamo")

since June 2007.  His counsel complains that she has sought
declassification of Mohamed's alleged statements that are relied
on by the respondent in its factual return since April 10, 2009,
but thus far has received only seven of the twenty-one
statements.  (See Petr.'s Emergency Mot. for Order ("Petr.'s
Emergency Mot.") at 2; Respt.'s Opp'n to Petr.'s Emergency Mot.
("Respt.'s Opp'n") at 8.)  Mohamed further argues that because of
the complexity of his case, the respondent's policy of treating
even declassified statements by petitioners as For Official Use
Only ("FOUO") documents and thus preventing Mohamed from having
access to them when his counsel is not present prevents Mohamed
from meaningfully assisting in his defense.  She explains that
Mohamed needs "many hours to sift among his memories from dozens
of interrogation sessions to try to get at the truth of what was
said," and the complexity of the case will require Mohamed to
spend "weeks to process the information properly."  (See Petr.'s
Reply to Respt.'s Opp'n ("Petr.'s Reply") at 3, 5).

     The respondent asserts that the government has attempted to
declassify Mohamed's statements as fast as possible, and that it
is "most likely" that all of Mohamed's statements will be
declassified by the June 12, 2009 petitioner-counsel meeting.
(Respt.'s Opp'n at 1, 8.)  However, the respondent argues that it
should not be required to provide Mohamed with his statements
before they have been declassified or to allow Mohamed to keep

-3-

paper copies of his statements with his privileged legal
material, because the matter is currently before Judge Hogan as
part of the respondent's motion to amend the September 11, 2008
protective order, and because doing so would jeopardize national
security.  (Id. at 7, 12.)

## DISCUSSION

Detainees at Guantánamo Bay may seek the writ of habeas
corpus, Boumediene v. Bush, 128 S. Ct. 2229, 2240 (2008), and
have the right to be represented by counsel.  Hamdi v. Rumsfeld,
542 U.S. 507, 539 (2005).  "There is no higher duty of a court,
under our constitutional system, than a careful processing and
adjudication of petitions for writs of habeas corpus." Omar v.
Harvey, 514 F. Supp. 2d 74, 78 (D.D.C. 2007) (quoting Harris v.
Nelson, 394 U.S. 286, 292 (1969)).  The Supreme Court has stated
that "where specific allegations before the court show reason to
believe that the petitioner may, if the facts are fully
developed, be able to demonstrate that he is . . . entitled to
relief, it is the duty of the court to provide the necessary
facilities and procedures for an adequate inquiry." Harris,
394 U.S. at 292.  "[I]n order to properly represent [habeas]
Petitioners, their counsel must have access to them, [and] must
be able to communicate with them[.]" Al-Joudi v. Bush, 406
F. Supp. 2d 13, 21-22 (D.D.C. 2005).  While the "Government has a
legitimate interest in protecting sources and methods of

-4-

intelligence gathering," the procedures created by the district
court for these habeas proceedings must allow a petitioner to
have a "meaningful opportunity to demonstrate that he is being
held pursuant to 'the erroneous application or interpretation' of
relevant law." Boumediene, 128 S. Ct. at 2262, 2276 (quoting INS
v. St. Cyr, 533 U.S. 289, 300-301 (2001)).

Paragraph 29 of the Protective Order of September 11, 2008
states that "Petitioners' counsel shall not disclose to a
petitioner-detainee classified information not provided by that
petitioner-detainee." (Protective Order ¶ 29.) Paragraph 39
states that "Petitioners' counsel shall not disclose protected
information not provided by a petitioner-detainee to that
petitioner-detainee without prior concurrence of government
counsel or express permission of the Court." (Protective Order
¶ 39.) In In re Guantanamo Bay Detainee Litigation, Civil Action
No. 05-1244 (TFH/CKK), 2009 WL 122803, at *1 (D.D.C. January 15,
2009), Judge Hogan interpreted the Protective Order to "permit
counsel for a petitioner to review with the petitioner statements
in the exhibits to the Classified Factual Return for that
petitioner that the Privilege Review Team determines were made by
that petitioner to agents of the United States government." Id.
Judge Hogan ruled that petitioners' counsel were not allowed to
share with a petitioner "information contained in the exhibits to
the Classified Factual Return beyond the text of petitioner's

statements, petitioner's name, and the dates the statements were made." Id.  The documents created by petitioner's counsel to conform to Judge Hogan's opinion were to be "marked, transported, handled, and maintained as classified material" under the provisions of the Protective Order." Id.  Judge Hogan later clarified his order by explaining that

> If the government completes a declassification review of a petitioner's classified statements made to agents of the United States government before petitioner's counsel is scheduled to review such statements with petitioner, any document created by petitioner's counsel containing petitioner's classified statements must be screened by the Privilege Review Team.  The Privilege Review Team will compare counsel's document with the declassified material.  If the Privilege Review Team determines that a statement in counsel's document should be redacted because it is not declassified, counsel must present that statement before the appropriate Merit Judge for a particularized determination if it should be released for review with petitioner.  Documents created by petitioner's counsel that contain petitioner's classified statements made to agents of the United States government are only subject to this declassification screening if (i) the government has completed its declassification review of petitioner's classified statements made to agents of the United States government and (ii) there is sufficient time for the appropriate Merit Judge to adjudicate on whether petitioner can review his classified statements.

In re Guantanamo Bay Detainee Litigation, Civil Action No. 05-1244 (TFH/CKK), 2009 WL 234956, at *1-2 (D.D.C. January 30, 2009).[1]

---

[1] The government has moved to alter the Protective Order to prohibit petitioners' counsel from sharing statements made by the petitioners with the petitioners if those statements are not declassified.  In light of that motion, Judge Hogan issued a

-6-

Here, Mohamed has not presented specific statements that
have not been declassified for a particularized determination of
whether they should be released for review with petitioner, and
Mohamed did not seek to insure that there would be sufficient
time for adjudication of whether petitioner can review his
classified statements.  Furthermore, the fact that at least seven
of Mohamed's statements have been provided to Mohamed's counsel
will assure that his June 12, 2009 meeting with counsel will not
be entirely fruitless.  If Mohamed and his counsel have
difficulty creating their factual traverse due to the purported
complexity of Mohamed's case, they can seek an extension of the
due date of his factual traverse on a showing of good cause.
Mohamed's emergency request for an order requiring the respondent
to provide him with all of his statements, classified or not,
before the June 12, 2009 meeting with counsel will be denied.

However, for Mohamed to have anything resembling a
meaningful opportunity to demonstrate that he is being held
contrary to law, he must be given an opportunity at some point
to review and discuss with his counsel all of the purported
statements made by him to government agents that are used against
him in the amended factual return.  The respondent's concern that

Minute Order on April 10, 2009, suspending the January 15, 2009
and January 30, 2009 Orders but allowing merits judges to
supercede that suspension for individual cases.  (See Minute
Order of April 10, 2009, 08-mc-442.)

the court might force it to release classified information or
declassify information that could harm the national security
interests of the United States is misplaced.  The respondent has
not been directed to declassify any material.  However, the
respondent may not justify Mohamed's detention with statements of
Mohamed's that he has not had a meaningful opportunity to discuss
with his counsel.  If the respondent were to choose not to
divulge these statements to Mohamed, the respondent presumably
would have to seek leave to file a new amended factual return
that does not rely upon the undisclosed statements.

     Mohamed also asks to be able to keep copies of his
statements with his privileged legal materials at Guantánamo.
Mohamed has not presented any evidence that his case is
substantially more complex than that of other petitioners who
have not demanded the same level of access to copies of their
statements.  The time pressures and logistical impediments cited
by Mohamed's counsel, while certainly challenging, are not unique
to Mohamed's case and are not adequate justification for his
request.  On the other hand, the respondent's assertion that
national security interests would not be imperiled if petitioner
and counsel discuss petitioner's statements, yet would somehow be
jeopardized if petitioner keeps paper copies of his own
statements, is unpersuasive.  The parties will be directed to
confer and file a joint status report with proposals for

-8-

alternative methods to facilitate Mohamed's ability to review his
statements when his counsel is not visiting Guantánamo, whether
it involves the respondent keeping copies of Mohamed's statements
at some location at Guantánamo and allowing Mohamed time to
review his statements, or using a procedure analogous to the
"adequate substitute" provisions of the Classified Information
Procedures Act ("CIPA"), 18 U.S.C. app. III, whereby the
respondent could fashion and provide to Mohamed a document
containing an adequate substitute for Mohamed's own statements
that Mohamed could keep with his privileged legal materials at
Guantánamo and review, see Khaled A.F. Al Odah v. United States,
559 F.3d 539, 547 (D.C. Cir. 2009) (stating that procedures under
the CIPA "should also be available in habeas" proceedings), or
using some other method.

                        CONCLUSION AND ORDER

     Mohamed has not complied with the procedures for challenging
classification outlined by Judge Hogan in his January 30, 2009
Order.  Accordingly, it is hereby

     ORDERED that Mohamed's request for an order requiring the
respondent to provide him with all of his statements before the
June 12, 2009 meeting with counsel, classified or not, be, and
hereby is, DENIED.  It is further

     ORDERED that Mohamed's request that the respondent generally
be required to allow Mohamed to review the statements that he

-9-

purportedly made to government agents and that are relied upon in the respondent's factual return be, and hereby is, GRANTED.  It is further

ORDERED that the parties shall file a joint status report and proposed order by June 24, 2009, suggesting alternatives that would facilitate Mohamed's review of the information contained in his statements during periods of time when his counsel is not present.

SIGNED this 10th day of June, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge